# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

BANK OF NEW YORK                                              CIVIL ACTION
  MELLON TRUST COMPANY, N.A.. ET AL.

VERSUS                                                        NO. 12-2827

WAGNER WORLD, LLC, ET AL.                                     SECTION "N" (1)

## ORDER AND REASONS

       Presently before the Court are three motions to dismiss.  See Rec. Docs. 19, 23, and 42.[1]  The Court rules upon the motions as stated herein.

       Having carefully considered the parties' written submissions, including the unnecessarily lengthy and convoluted memoranda[2] submitted by Defendant, Aberta, Inc., **IT IS**

---

[1] Following transfer of this action from Section "A" of this Court to Section "N," the motions bearing record document numbers 19 and 23 were taken under submission on May 15, 2013.  See Rec. Doc. 39.  The motion bearing record document number 42 was taken under submission, as noticed, on May 29, 2013.  See Rec. Doc. 42.

[2] Counsel of record for Aberta are advised that the extraneous and unappreciated gratuitous statements sprinkled throughout Aberta's submissions are of no benefit to their client and, in the future, should not be included in memoranda submitted to the Court for consideration. These statements, include, but are not limited to:  (1) "It gave Aberta [a corporation] such a fright that she had to seek immediate judicial relief to preclude such effrontery on her corporate person, and how nauseating as well to be compelled to travel backwards in time." (Rec. Doc. 54, p. 13);  (2) "Aberta is giddy with delight at the tantalizing thought of one federal court exercising jurisdiction over all the state law matters . . . ." (*Id.,* p, 13);  (3) "To this date, it's been a horrid experience in state court, where they contest every discovery request, which makes it difficult for Aberta to carry on with her with her few little businesses over there by Louisa Street. Aberta has a beauty shop, and a cell phone store, a nice little Laundromat, along with her [gas] pumps and convenience store. It's a rough neighborhood, and it sure would be nice to get all this legal stuff wrapped up so Aberta could just get back to her littler businesses." (*Id.,* pp. 14-15);  (4) "Aberta feels like she's been led on, because she paid good and fair money for everything Aberta had, good and bad, when FHH bought this

**ORDERED** that Aberta's "Motion to Dismiss Under FRCP 12(b)(6)" is **DENIED**. Although Aberta is correct that Plaintiffs do not seek a monetary judgment against it, Plaintiffs do seek declaratory judgment against Aberta and others regarding mortgages allegedly encumbering the immovable property to which Aberta claims ownership. See Complaint (Rec. Doc. 1-1, pp. 23-27). Accordingly, on the present showing made, the Court does not find dismissal of Aberta warranted.

**IT IS FURTHER ORDERED** that the motions to dismiss and to abstain and/or stay proceedings filed by Defendant Broadview, L.L.C. (Rec. Doc. 23) and Defendants Hop Q. Tran and Thuy Nguyen Tran (Rec. Doc. 42) are **GRANTED IN PART** and **DENIED IN PART**.[3] Specifically, because Plaintiffs' complaint does not assert claims against the Trans in their personal capacities, but merely alleges that the Trans are "officers" of Defendant Broadview, a limited liability company, the motions are granted to the extent that Plaintiffs' claims against the Trans, personally, are dismissed without prejudice. If Plaintiffs desire to proceed further against the Trans, personally, they must seek leave, no later than fifteen (15) days from the entry of this Order and Reasons, to file an amending and superseding complaint remedying these pleading deficiencies. The amending and superseding complaint must include all of the allegations from the original complaint

---

abused child Aberta and the property on Elysian Fields. These are questions which Aberta is told by these Steeg Law Firm expert types that require a factual determination inside the mind of Mr. Wolfe over a ten year period. Sheesh!" (*Id.*, pp. 19-20, n. 14); (5) "Aberta had to pay a whole lot of her hard-earned money, just because one of her lawyers said Aberta really needed real estate experts he knew from some k-12 prep school uptown, and so a guy whose name she couldn't pronounce, Opotowsky maybe, drafted and filed the Act of Clarification, but he notarized it at no charge, so it's all good." (*Id.*, p. 19, n. 15); (6) "Given the circumstances, Aberta defiantly stomps her feet if leave of court is sought to amend and supplement the cross-claim. Really." (*Id.*, p. 22, n. 16).

[3] The motion filed by the Trans is, in all pertinent respects, identical to the Broadview motion.

(Rec. Doc. 1-1) on which Plaintiffs continue to rely, as well as Plaintiff's additional allegations. If Plaintiffs cannot, or do not, cure these deficiencies by timely amendment, the Court shall, upon motion by the Trans, order its dismissal of Plaintiffs claims against the Trans to be with prejudice.

The motions filed by Broadview and the Trans are denied to the extent that they ask the Court to abstain and/or stay this proceeding, pursuant to *Colorado River Water Conserv. Dist. v. United States,* 424 U.S. 800, 813 (1976) or *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), in favor of pending related state court proceedings. *Colorado River* abstention applies only when the state court proceeding(s) in question are parallel, that is, having the same parties and issues.[4] *Brillhart* abstention applies only when the federal court is asked to exercise its discretion to entertain a declaratory action.[5] Under *Brillhart*, a district court "should ascertain whether the questions in controversy between the parties to the federal suit . . . can be better settled in the proceeding pending in the state court." *Sherwin–Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 389 (5th Cir. 2003) (citing *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 590–91 (5th Cir.1994)). As an initial matter, the Court notes that Plaintiffs here have not been shown to be parties to any of the ongoing related state court actions. Furthermore, considering the various factors utilized to determine the propriety of abstention under these doctrines, in light of the information before the Court, abstention presently does not appear warranted.

---

[4] If the suits are not parallel, the federal court must exercise jurisdiction. *RepublicBank Dallas, N.A. v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir.1987).

[5] "[I]t is well settled in this circuit that a declaratory action that also seeks coercive relief is analyzed under the *Colorado River* standard." *New England Ins. Co. v. Barnett*, 561 F.3d 392, 396 (5th Cir. 2009).

As explained by the Fifth Circuit in *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 492-93 (5th Cir. 2006):

> *Colorado River* [abstention principles] appl[y] when suits are parallel, having the same parties and the same issues. *Diamond Offshore Co. v. A&B Builders, Inc*., 302 F.3d 531, 540 (5th Cir. 2002). [] Under *Colorado River*, a district court may abstain from a case only under "exceptional circumstances." *Colorado River*, 424 U.S. at 813, 96 S.Ct.  1236 (describing abstention as "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it").
>
> In deciding whether "exceptional circumstances" exist, the Supreme Court identified six relevant factors:  (1) assumption by either court of jurisdiction over a res; (2) relative inconvenience of the forums; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums;  (5) to what extent federal law provides the rules of decision on the merits;  and 6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction. *Kelly Inv., Inc. v. Continental Common Corp*., 315 F.3d [491, 497 (5th Cir. 2002)]; *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 285-86, 115 S. Ct. 2137, 132 L. Ed.2d 214 (1995). We do not apply these factors mechanically, but carefully balance them "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).  The balancing is done on a case-by-case basis. *Id.*

In the Fifth Circuit, a district court must consider the seven non-exclusive factors set forth in *St. Paul Ins. Co. v. Trejo,* 39 F.3d 585, 590–91 (5th Cir. 1994), when determining if it will decline, under *Brillhart*, to exercise its discretion to hear a declaratory judgment action. See *Sherwin–Williams Co. v. Holmes Cnty.*, 343 F.3d at 388. These factors include:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;  (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;  (3) whether the plaintiff engaged in forum shopping in bringing the suit; (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the

>federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

Looking first at the *Colorado River* factors, the Court first notes that neither the state court nor this federal court has assumed jurisdiction by taking control over a res. The absence of this factor supports a federal court's general rule of exercising the jurisdiction granted to it. *Stewart*, 438 F.3d at 492; *Murphy v. Uncle Ben's Inc*., 168 F.3d 734, 738 (5th Cir. 1999). Second, the relative inconvenience of the federal and state fora is "analyzed as to 'whether the inconvenience of the federal forum is so great' that abstention is warranted." *Kelly Inv., Inc. v. Continental Common Corp*., 315 F.3d 494, 498 (5th Cir. 2002)(quoting *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1192 (5th Cir.1988)). Given that the two courts are on the same street, in downtown New Orleans, this factor weighs again abstention.

The third factor, avoiding piecemeal litigation, likewise favors this Court's exercise of its jurisdiction. The concern with piecemeal litigation arises primarily where parallel lawsuits "'pose[] a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel.'" *Saucier v. Aviva Life and Annuity Co.*, 701 F.3d 458, 464 (5th Cir. 2012) (quoting *Woodford v. Cmty. Action Agency of Greene County, Inc*., 239 F.3d 517, 524 (2nd Cir. 2001)). On the other hand, "[t]he prevention of duplicative litigation [even if wasteful] is not a factor to be considered in an abstention determination." *Evanston*, 844 F.2d at 1192; *see also Black Sea v. United Heritage Corp*., 204 F.3d 647, 650 (5th Cir. 2000). Rather, "[t]he only bar to dual prosecution is dismissal due to res judicata [and collateral estoppel]." *Evanston*, 844 F.2d at 1192.

Here, there is no indication that principles of collateral estoppel would not apply to issues common to the two proceedings. Thus, it presently is not apparent to the Court that dual litigation would yield inconsistent results.

The fourth factor concerns the order in which jurisdiction was obtained by the concurrent forum. Simple filing order, however, is not always dispositive. Instead, the Court must evaluate how much progress has been made in the two suits. *Stewart*, 438 F.3d at 492-93. The Court has not been advised of the present status of the related state court actions. Nor is it apparent that state court discovery, if truly duplicative, could not be used here. Given these facts, the Court is not in a position to find that this factor weighs strongly in favor of abstention.

The fifth and sixth factors address the extent to which federal law is controlling and the adequacy of the state court[6] relative to the dispute(s) at issue. *Stewart*, 438 F.3d at 492-93. Even in the absence of a federal law issue, however, "[the Court's] task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional circumstances,' the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that jurisdiction." *Black Sea*, 204 F.3d at 651 (5th Cir. 2000)(quoting *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 21). Thus, "the presence of state law issues weighs in favor of surrender only in rare circumstances." *Id.* Here, the Court does not find the absence of a federal law question or the existence of state law questions, including ownership, to qualify as "rare circumstances" justifying abstention. Accordingly, these factors are viewed as neutral. Thus, given the foregoing, the Court does not find "exceptional circumstances" warrant abstention under *Colorado River*.

---

[6] This factor "can only be a neutral factor or one that weighs against, not for, abstention." *Black Sea*, 204 F.3d at 651 (quoting *Evanston Ins. Co.*, 844 F.2d at 1193).

With respect to *Brillhart* abstention, Plaintiffs here, as the Court presently noted, are not parties to the pending state court actions. Nor, to the Court's knowledge, did Plaintiffs file suit in anticipation of a state court lawsuit being filed by any of the defendants. That being said, Plaintiffs' submissions undisputedly reflect a desire to litigate in federal court rather than joining the previously pending state court actions. It is not apparent to the Court, however, that possible inequities likely presently exist in terms of allowing the declaratory plaintiffs to proceed in federal court. Although abstention might serve the purposes of judicial economy in some respects, Plaintiffs are not parties to the related state court actions; nor is the Court certain as to the exact status of those actions. Finally, as previously stated, the federal court is a convenient forum for the parties and witnesses, and it does not appear to the Court that it is being called upon to construe a state judicial decree involving the same parties, and entered by the court before whom the parallel state suit between the same parties is pending. Thus, on the showing presently made, even if it would be legally permissible for the Court to forgo exercise of its subject matter jurisdiction relative to only Plaintiff's declaratory judgment claims,[7] the Court presently declines to do so. This ruling is without prejudice, however, to a party's right to seek such relief based on pertinent updated information and legal authority not previously brought to the attention of the Court.

New Orleans, Louisiana, this 25th day of September 2013.

**Kurt D. Engelhardt**
**United States District Judge**

---

[7] Broadview contends that the Fifth Circuit has not yet decided this particular issue. See Rec. Doc. 48, p. 5.